IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KRISHNA PATEL and VIJAY PATEL | ) ) ) |
| v. | ) NO. 3:21-00436 |
| DOUG HUGHES, et al. | ) ) |

**TO:** Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered August 24, 2021 (Docket Entry No. 66), this *pro se* bankruptcy appeal was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure.

Pending before the Court is the third joint motion to dismiss (Docket Entry No. 68) of appellees Steven Lefkovitz, Bryan Pieper, Stephen Zralek, Santa Barbara Tax Products Group, LLC, Eric King, Doug Burcombe, and River City Bank, to which appellants Krishna Patel and Vijay Patel have responded in opposition. For the reasons set out below, the undersigned respectfully recommends that the motion to dismiss be denied.

## I. BACKGROUND

On June 1, 2021, appellants Krishna Patel and Vijay Patel filed a *pro se* notice of the appeal of an order of the bankruptcy court in a Chapter 7 bankruptcy adversary proceeding.[1] *See* Notice

---

[1] *See* Case No. 3:20-ap-90139 (M.D. Tenn. Br).

of Appeal (Docket No. 1) at 1. Under Federal Rule of Bankruptcy Procedure 8009, appellants were required to file with the bankruptcy court clerk and serve on the trustee a designation of the items to be included in the record on appeal and a statement of the issues to be presented on appeal. Fed. R. Bankr. P. 8009(a)(1)(A). This filing must be made within fourteen days of the notice of appeal. Fed. R. Bankr. P. 8009(a)(1)(B). Local Rule 81.01 provides that an appellant's failure to comply with the provisions of Rule 8009 will result in the summary affirmance of the decision of the Bankruptcy Judge.

Appellants did not comply with Rule 8009 in a timely fashion. In fact, despite the filing of two motions to dismiss by the appellees and despite prodding from the Court, appellants still had not complied with Rule 8009 as of August 2, 2021, when the Court entered an order giving appellants 21 days to fully comply with Rule 8009 or face dismissal of their case. *See* Order entered August 2, 2021 (Docket Entry No. 33).

On the deadline date, appellants filed a statement of issues to be presented on appeal and a designation of items to be included in the record on appeal, but for reasons that are befuddling to the Court, they filed these with the District Court Clerk instead of with the Bankruptcy Court Clerk. *See* Docket Entry Nos. 64 and 63. Not surprisingly, appellants' misdirected filing prompted the third joint motion to dismiss from appellees that is now pending.

## II. MOTION TO DISMISS AND RESPONSE

Appellees argue that appellants have repeatedly demonstrated complete indifference toward both the bankruptcy rules and the Court's repeated admonitions to comply with Rule 8009 and that the required statement of issues and designation of the record remain unfiled. As a

2

consequence, they contend that the Court should dismiss the appeal and summarily affirm the bankruptcy decision. *See* Memorandum in Support (Docket Entry No. 69).

In response, appellants assert that they accidently made their filings because they were under the impression that the filings had to be filed with the district court. See Response (Docket Entry No. 71). They assert that they have corrected the mistake, are doing their best as a *pro se* party, and will be more careful in the future. *Id.* Finally, they contend that even though their filings were mistakenly filed with the wrong court, the fact that they had drafted the required filings and brought them to be filed by the Court's deadline shows that they were not acting in bad faith or negligently. *Id.*[2]

### III. ANALYSIS

It is certainly understandable that appellees would be frustrated with the failure of appellants to timely comply with Rule 8009. The Rule 8009 requirement is not difficult to understand and should be simple to follow. Indeed, the Court clearly outlined in its June 23, 2021, Order (Docket Entry No. 10) exactly what appellants needed to do. It is perplexing to the Court that it has taken so long for appellants to fulfill Rule 8009.

Nevertheless, appellants have now satisfied Rule 8009[3] and this case may proceed. Although appellants' actions have resulted in a needless expenditure of resources and time by both

---

[2] In their response, appellants also include several pages of arguments about the merits of their appeal. These arguments are not germane to the issue raised in the motion to dismiss and will not be addressed herein.

[3] Although appellants provide no proof of their compliance with Rule 8009, review of the docket in the underling bankruptcy case shows that the filings at issue were made on August 28, 2021.

3

the Court and the appellees, the Court finds no evidence of the type of bad faith, indifference, or negligence that would justify granting the motion to dismiss and summarily affirming the bankruptcy decision as requested by appellees.

Appellants are, however, put on notice that, while they are entitled to some indulgences as *pro se* parties, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), "the lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and "*pro se* parties must follow the same rules of procedure that govern other litigants," *Aug. v. Caruso*, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015). *See also*, *Looper v. Educ. Credit Mgmt. Corp.*, 2008 WL 2965887, at *8 (E.D. Tenn. July 30, 2008) (plaintiff's "*pro se* status does not exempt him from complying with the rules of procedure."); *Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow these rules").

Further, "'it is incumbent on litigants, even those proceeding *pro se*, to follow the ... rules of procedure,'" *Fields v. County of Lapeera*, 2000 WL 1720727 at *2 (6th Cir. Nov. 8, 2000) (ellipses in original, citation omitted), and most certainly orders of the Court. *See, Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (stressing that "being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders," or to "choose which of the court's rules and orders it will follow, and which it will wilfully disregard"). Being a *pro se* litigant does not permit a party to simply ignore a Court's clearly communicated deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *1 (M.D. Tenn. Sept. 28, 2016) (Sharpe, J.); *Mayers v. Ellis*, 2016 WL 891181 at *5

(M.D. Tenn. Mar. 8, 2016) (Trauger, J.); *Smith v. Woods*, 2015 WL 8055912 at *1 (M.D. Tenn. Dec. 4, 2015) (Haynes, J.).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that appellees' third joint motion to dismiss (Docket Entry No. 68) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                      Respectfully submitted,

                                      BARBARA D. HOLMES
                                      United States Magistrate Judge