IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KRISHNA PATEL et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DOUG HUGHES et al., ) <br> ) <br> Defendants. ) | Case No. 3:21-cv-00436 <br> Judge Aleta A. Trauger <br> Magistrate Judge Barbara D. Holmes |

**MEMORANDUM and ORDER**

Magistrate Judge Barbara Holmes has issued a Report and Recommendation ("R&R") (Doc. No. 79), recommending that the court deny the Third Motion to Dismiss Appeal and for Summary Affirmance of Bankruptcy Court Decision, filed jointly by defendants Steven Lefkovitz, Bryan Pieper, Stephen J. Zralek, Santa Barbara Tax Products Group, LLC ("SBTP"), Eric King, Doug Burcombe, and River City Bank (Doc. No. 68). Lefkovitz has filed an Objection to the R&R (Doc. No. 83), in which defendants Pieper and Zralek and defendants SBTP, King, and Burcombe have joined (Doc. Nos. 93, 94). The *pro se* appellants, Krishna Patel and Vijay Patel, have filed a Response to the Objections, which largely argues the merits of the plaintiffs' bankruptcy appeal rather than the issue of whether they should be permitted to pursue their appeal at all.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The court adopts the "Background" set forth in the R&R, to which the objecting defendants interpose no objection:

> On June 1, 2021, appellants Krishna Patel and Vijay Patel filed a *pro se* notice of the appeal of an order of the bankruptcy court in a Chapter 7 bankruptcy adversary proceeding. See Notice of Appeal (Docket No. 1) at 1. Under Federal Rule of Bankruptcy Procedure 8009, appellants were required to file with the bankruptcy court clerk and serve on the trustee a designation of the items to be included in the

> record on appeal and a statement of the issues to be presented on appeal. Fed. R. Bankr. P. 8009(a)(1)(A). This filing must be made within fourteen days of the notice of appeal. Fed. R. Bankr. P. 8009(a)(1)(B). Local Rule 81.01 provides that an appellant's failure to comply with the provisions of Rule 8009 will result in the summary affirmance of the decision of the Bankruptcy Judge.
>
> Appellants did not comply with Rule 8009 in a timely fashion. In fact, despite the filing of two motions to dismiss by the appellees and despite prodding from the Court, appellants still had not complied with Rule 8009 as of August 2, 2021, when the Court entered an order giving appellants 21 days to fully comply with Rule 8009 or face dismissal of their case. See Order entered August 2, 2021 (Docket Entry No. 33).
>
> On the deadline date, appellants filed a statement of issues to be presented on appeal and a designation of items to be included in the record on appeal, but for reasons that are befuddling to the Court, they filed these with the District Court Clerk instead of with the Bankruptcy Court Clerk. See Docket Entry Nos. 64 and 63. Not surprisingly, appellants' misdirected filing prompted the third joint motion to dismiss from appellees that is now pending.

(Doc. No. 79, at 1–2 (footnote omitted).)

In their Memorandum in Support of their Third Joint Motion to Dismiss, the defendants argue that the Patels, at that point, still had not complied with Rule 8009, as they had filed their designation of the record and statement of issues to be presented on appeal with the District Court Clerk rather than the Bankruptcy Court Clerk. The defendants acknowledge that dismissal under Local Rule 81.01 is "committed to the discretion of the trial court," but they assert that dismissal is appropriate when noncompliance is due to "bad faith, indifference, or even negligence." (Doc. No. 69, at 2.) They argue that dismissal in this case is warranted, because the Patels have "exhibited—and continue to exhibit—complete indifference" to the unambiguous requirements imposed by the Bankruptcy Rules and the court's Orders. (*Id.*) They also argue that the court's Order entered on August 2, 2021 gave the Patels "one final opportunity to comply with the procedural requirements for a bankruptcy appeal" and twenty-one days within which to do so (*see* Doc. No. 33, at 2) and that the Patels' failure to comply within that twenty-one-day period

"demonstrates complete indifference to the requirements of Rule 8009" and warrants summary dismissal of the appeal (Doc. No. 69, at 4).

The Magistrate Judge's R&R expresses understanding of the defendants' frustration at the appellants' failure to comply with a requirement that "is not difficult to understand and should be simple to follow." (Doc. No. 79, at 3.) She also notes, however, that the Patels had responded to the defendants' Third Motion to Dismiss by fully complying with the Rule (*i.e.*, filing the required documents with the Bankruptcy Court Clerk five days after the expiration of the twenty-one-day deadline provided in the August 2 Order), as a result of which the case could now proceed. She also finds no evidence of "the type of bad faith, indifference, or negligence that would justify granting the motion to dismiss and summarily affirming the bankruptcy decision as requested by the appellees," particularly in light of the appellants' *pro se* status. (Doc. No. 79, at 4.) On that basis, the Magistrate Judge recommends that the defendants' Third Motion to Dismiss be denied. At the same time, the R&R further puts the appellants on notice that the lenience granted *pro se* litigants has limits and that they will be held responsible going forward for complying with the applicable rules. (*Id.* at 4.)

The defendants now object to the R&R, continuing to argue that the Patels' failure to timely comply with the August 2 Order demonstrates their "negligence or indifference to Rule 8009." (Doc. No. 68, at 1), but they also raise new arguments. They now contend that (1) the Magistrate Judge erred by failing to consider whether the Patels had provided "extraordinary cause" for the delayed filing, as required by the court's August 2 Order; and (2) adopting the R&R's recommendation would "undermine the credibility of this Court's August 2 order by ignoring the extraordinary-cause requirement and promise of dismissal set forth in the order." (*Id.*)

II.     STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation, any "party may

serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are generally deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

### III.   DISCUSSION

The defendants are correct that the August 2 Order granted the appellants twenty-one days to comply with Rule 8009 and stated, unequivocally, that "[n]o further instructions or extensions will be provided absent extraordinary cause. Failure to comply with Rule 8009 by the deadline will result in dismissal of this action without further order of the court." (Doc. No. 33, at 2.)

Based on that language, the court clearly has the discretion to dismiss the Patels' appeal, regardless of whether the defendants failed to raise an objection based on this language in support of their Third Motion to Dismiss. At the same time, the defendants cannot point to any significant prejudice arising from the additional five-day delay before the appellants finally complied with Rule 8009, particularly as the designation of the record and the statement of issues were filed in this court on August 23, 2021. (*See* Doc. Nos. 64, 65.) The court is persuaded that the *pro se* appellants should be granted additional leeway in this instance, as recommended by Magistrate Judge Holmes.

Like the Magistrate Judge, however, the court emphasizes to the appellants that the court will be less inclined in the future to be similarly lenient, and they must make every effort to read and comply with the applicable Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and Local Rules of the United States District Court for the Middle District of Tennessee.

### IV. CONCLUSION AND ORDER

The defendants' Objections (Doc. Nos. 83, 93, 94) are **OVERRULED**, and the Magistrate Judge's R&R (Doc. No. 79) is **ACCEPTED** in its entirety. For the reasons set forth therein, the defendants' joint Third Motion to Dismiss (Doc. No. 68) is **DENIED**.

This case remains on referral to the Magistrate Judge.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge