IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KRISHNA PATEL and VIJAY PATEL )
)
)
v. ) NO. 3:21-00436
)
DOUG HUGHES, et al. )

**TO:** Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered August 24, 2021 (Docket Entry No. 66), this *pro se* bankruptcy appeal was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure.

For the reasons set out below, the undersigned respectfully recommends that the decision of the Bankruptcy Court be affirmed and this appeal be dismissed.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The Court presumes the parties' familiarity with this case and sets out only those background facts necessary for resolution of the appeal.[1]

Krishna Patel and Vijay Patel ("Appellants") are residents of the state of Georgia and owners of AcTax Solutions, Inc. ("AcTax"), a company which they formed related to tax preparation and accounting software they had developed. For several years during the 2000s and 2010s, they were involved in business dealing with individuals and entities about the software. These dealings eventually turned bad. Believing that they had been legally wronged and financially injured, Appellants filed lawsuits in both this Court, *Patel, et al. v. Terrell D. Hughes,*

---

[1] Unless otherwise noted, the following introductory facts are undisputed.

*Jr., et al.*, 3:13-cv-00701, and the Middle District of Georgia, *Patel, et al v. Doug Hughes, et al.*, No. 7:19-cv-188-WLS. Neither lawsuit was successful, and both lawsuits were eventually dismissed without relief inuring to Appellants.

In July 2013, one of the entities that had been sued by Appellants, TRX Software Development, Inc., filed a voluntary Chapter 11 petition for bankruptcy protection, *In re: TRX Software Development, Inc.*, Bankruptcy Case No. 3:13-bk-06558 (Bankr. M.D. Tenn.), which was later converted to Chapter 7 (the "TRX Bankruptcy Case"). After the final report from the chapter 7 trustee (the "Trustee") was filed in July 2020, to which no objections were made by any claimant, the Trustee issued a final account in October 2020, which the Bankruptcy Court approved and issued a final decree on November 17, 2020 declaring the chapter 7 estate fully administered and discharging the Trustee, with nothing being paid to any of the numerous claimants, including AcTax, on whose behalf Appellants filed claims in the TRX Bankruptcy Case.[2] Essentially, the chapter 7 bankruptcy estate was administratively insolvent with assets of only $5,000 and administrative expenses exceeding $35,000.[3]

---

[2] *See* TRX Bankruptcy Case, No. 3:13-bk-06558, Docket Entry Nos. 157 (Trustee's Final Report), 158 (Summary of Trustee's Final Report), 159 (U.S. Trustee's statement of review of Trustee's Final Report) (docket entry only), 160 (Notice of Summary of Trustee's Final Report), 161 (Notice of Publication of Trustee's Final Report), 168 (Chapter 7 Trustee's Final Account), 169 (U.S. Trustee's statement of review of Trustee's Final Account) (docket entry only), and 171 (Final Decree declaring chapter 7 estate fully administered and discharging chapter 7 trustee)(docket only). Because it is unclear if these matters have been made a part of the record in this case (*see* n.4 below), the Court takes judicial notice of these filings. *See e.g. In re Musilli*, 398 B.R. 447, 453 (E.D. Mich. 2008) (a district court is authorized to supplement the record in a bankruptcy appeal and to take judicial notice of appropriate evidence).

[3] Unpaid priority tax claims totaled almost $1 million. Timely unsecured claims exceed $2.8 million and tardy unsecured claims exceeded $3.5 million.

During the interim between the filing of the Trustee's final report and the final account, Appellants filed an adversary proceeding in the TRX Bankruptcy Case, naming 18 defendants and asserting numerous claims related to the wrongdoings they believed they had suffered. *Patel, et al. v. Doug Hughes, et al.*, Adversary Proceeding Case No. 3:20-ap-90139 (Bankr. M.D. Tenn.).[4] Eventually, the Bankruptcy Court entered two orders that resulted in the dismissal of the adversary proceeding. On January 29, 2021, the Bankruptcy Court dismissed with prejudice the adversary proceeding as to the defendants who had moved for dismissal and, on February 26, 2021, the Bankruptcy Court applied this dismissal to the remaining defendants named in the adversary proceeding ("the Dismissal Orders").[5]

The primary basis for the Dismissal Orders was the Bankruptcy Court's determination that it lacked subject matter jurisdiction over the adversary proceeding because the TRX bankruptcy estate had been fully administered and the case closed, which meant there was no bankruptcy proceeding to which the adversary proceeding was related. The Bankruptcy Court further noted

---

[4] *See* Docket Entry No. 107 at 4-47. For ease of reference and unless otherwise noted, the Court will refer to filings in the bankruptcy proceedings by their inclusion in the docket as part of Defendant Steven Lefkovitz's Designation of Additional Items to Include in the Record on Appeal (Docket Entry No. 107). In doing so, however, the Court notes that the parties' respective designations of the record below (Docket Entry Nos. 106 and 107), consisting of some 2200 total pages, are unwieldly and navigable only with extraordinary amounts of time and patience. The better practice, and more consistent with the Court's requirements for filing attachments and exhibits, would have been to file each attachment to the designation of the record with a brief description of the included documents in that attachment, or at a minimum, to file a separate index once the record below was filed in this Court. *See* CM/ECF User Manual, Chapter 5.II.B (Procedures for Filing Attachments and Exhibits) at pp. 21-25 (brief description of attachment is mandatory) and Appendix E. Additionally, many of the documents designated as part of the record on appeal are of marginal or no direct relevance to the issues before the Court.

[5] *See* Dismissal Orders (Docket Entry No. 107-5 at 255-258 and Docket Entry No. 107-6 at 65-67).

3

that even if Appellants were successful in the claims raised in their adversary proceeding, the claims would have no effect on the bankruptcy estate or the chapter 7 debtor because the estate was fully administered, the trustee discharged, and the case closed.[6]

In response to the dismissal of the adversary proceeding, Appellants, on February 25, 2021, filed a motion under Fed. R. Civ. P. 59(e) for the Bankruptcy Court to reconsider or to alter or amend the Dismissal Orders.[7] The Bankruptcy Court denied this motion on the merits by order entered March 26, 2021 ("March 26 Order").[8] Appellants then filed another motion to alter or

---

[6] *See* January 29, 2021 Dismissal Order (Docket Entry No. 107-5 at 256-60). The Bankruptcy Court also noted that dismissal of AcTax Solutions was warranted because it was not represented by counsel as required for corporate litigants in federal court. *Id*. at 256. The Bankruptcy Court further determined that, notwithstanding the fatal timing of the adversary proceeding, there is no private cause of action for equitable subordination, equitable disallowance, constructive trust, or executory contract under the facts alleged in the adversary proceeding complaint. *Id*. Additionally, the Bankruptcy Court held that there is no private right of action under criminal statutes for alleged bankruptcy fraud and concealment. The Bankruptcy Court further held that the chapter 7 trustee had the sole authority to assume or reject executory contracts and exclusive standing to pursue avoidance actions. *Id*. at 256-57. Finally, the Bankruptcy Court concluded that Appellants' claims were barred as a matter of law by issue preclusion and claim preclusion because they were or could have been litigated in the Georgia federal court lawsuit in which a judgment was entered against Appellants. *Id*. at 257-58.

[7] *See* February 25, 2021 motion (Docket Entry No. 107-6 at 21-62). As discussed below, Fed. R. Civ. P. 59 is made applicable to adversary proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure, which unless otherwise noted are referred to as the "Bankruptcy Rules." For ease of reference, Appellants' motions to alter or amend are generally referred to as Bankruptcy Rule 9023 motions and their motion for relief from judgment is generally referred to as the Bankruptcy Rule 9024 motion. However, because the substance of Fed. R. Civ. P. 60 is incorporated into Bankruptcy Rule 9024 by reference only, the discussion below refers to the provisions and standards as those under Fed. R. Civ. 60.

[8] *See* March 26 Order (Docket Entry No. 107-6 at 123-125). Although the First Rule 59(e) Motion was directed at only the Bankruptcy Court's first dismissal order, the Bankruptcy Court treated the motion as seeking reconsideration or alteration of both dismissal orders, the one entered on January 29, 2021 and the one entered on February 26, 2021.

4

amend the Dismissal Orders under Bankruptcy Rule 9023 on April 22, 2021.[9] This second Bankruptcy Rule 9023 motion was denied by order of the Bankruptcy Court entered on April 28, 2021 ("April 28 Order"), because the motion was not timely filed under the shorter filing period set out in Bankruptcy Rule 9023.[10]

On May 17, 2021, Appellants then filed a third motion – "motion for relief from a judgment or order" – attacking the correctness of the Dismissal Orders and seeking various forms of relief, including under Bankruptcy Rules 9023 and Bankruptcy Rule 9024 ("May 17 motion").[11] By Order entered May 24, 2021 ("May 24 Order"), the Bankruptcy Court denied the May 17 motion, finding again that the request for relief was untimely and that Appellants failed to show any basis for relief under Rule 60(b), made applicable to adversary proceedings by Bankruptcy Rule 9024.[12]

Appellants then initiated the instant appeal on June 1, 2021, by filing a *pro se* notice of an appeal of the May 24 Order and naming 17 of the individuals and entities named in the adversary proceeding as Appellees. *See* Notice of Appeal (Docket No. 1).[13] A briefing schedule was delayed in the case because of Appellants' failure to properly satisfy the requirements of Federal Rule of Bankruptcy Procedure 8009. Appellants' opening brief totaled 64 pages and included approximately 200 pages of attachments. *See* Docket Entry Nos. 131 and 131-1 through 131-3.

---

[9] *See* April 22, 2021 Motion (Docket Entry 107-6 at 135-155).

[10] *See* April 28 Order (Docket Entry No. 107-6 at 161-162).

[11] *See* May 17 Motion (Docket Entry No. 107-6 at 177-185).

[12] *See* May 24 Order (Docket Entry No. 107-6 at 186-188).

[13] The notice of appeal was dated May 25, 2021 (Docket Entry No. 1 at 1) and was docketed on the adversary proceeding docket on June 1, 2021 (Docket Entry No. 1-2 at 23).

In response, Appellees filed a joint motion to dismiss the appeal or to strike Appellants' brief because it does not comply with the applicable procedural rules for the length, form, content, and appendices of an appellate brief. (Docket Entry No. 133.) Although Appellees also jointly moved for a stay of the briefing schedule until their motion to dismiss or strike was resolved (*see* Docket Entry No. 134), they subsequently filed a joint response brief. (Docket Entry No. 136.) Appellants filed a reply brief, which appears to be, at least in part, an attempt to cure the procedural deficiencies of their original opening brief. (Docket Entry No. 139.)

## II. STANDARD OF REVIEW

This Court has jurisdiction over this appeal under 28 U.S.C. §158(a). In hearing an appeal from a bankruptcy court's order, the district court generally reviews the bankruptcy court's findings of fact for clear error and the court's conclusions of law *de novo*. *Keeley v. Grider*, 590 Fed.Appx. 557, 559 (6th Cir. 2014). A bankruptcy court's denial of motions for relief under Bankruptcy Rules 9023 and 9024 is reviewed upon appeal for an abuse of discretion. *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 800 (B.A.P. 6th Cir. 2008) (Rule 59(e)); *In re Peace*, 581 B.R. 856, 858 (B.A.P. 6th Cir. 2018) (Rule 60(b)); *Doe v. Lexington-Fayette Urban County Gov't.*, 407 F.3d 755, 776 (6th Cir. 2005) (Rule 60(b)). "An abuse of discretion occurs only when the trial court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *United Mine Workers of Am. 1974 Plan and Trust v. Lexington Loan Co. (In re HNRC Dissolution Co.)*, 396 B.R. 461, 465 (B.A.P. 6th Cir. 2008).

### III. ANALYSIS

As a preliminary matter, the Court declines Appellees' request to dismiss the case because of procedural irregularities in Appellants' opening brief. Despite the irregularities, Appellees were able to file a responsive brief that alerts the Court to their legal arguments in this appeal. Further, Appellants' subsequently filed reply brief is a more focused recitation of some of the relevant arguments made in their opening brief in response to Appellees' contention that the opening brief did not concisely address the issues on appeal. The parties' respective filings provide a sufficient basis to permit the Court to resolve the appeal on the merits.

The first issue to be resolved is what exactly is being appealed. Contrary to Appellants' apparent belief,[14] the appeal before the Court does not involve the correctness of the Dismissal Orders because Appellants did not timely file a notice of appeal from those orders. Bankruptcy Rule 8002 provides that a notice of appeal must be filed "within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). Appellants undisputedly did not take this step.

Instead, Appellants filed their first Bankruptcy Rule 9023 motion for reconsideration and to alter or amend the Dismissal Orders on February 25, 2021. The effect of Appellants' first Bankruptcy Rule 9023 motion raises interesting questions, given that the Bankruptcy Court entered two orders of dismissal. As to the first order of dismissal, entered on January 29, 2021, Appellants' Rule 9023 motion was untimely because it was not filed within 14 days of January 29,

---

[14] Appellants' briefs are devoted entirely to arguments that are directed at the merits of the Dismissal Orders, the merits of their Adversary Proceeding, and issues that took place in the TRX Bankruptcy case and the two other federal cases they filed.

7

2021.[15] However, the Bankruptcy Court then entered a second order of dismissal on February 26, 2021, which arguably consolidated the dismissal, including the January 29 dismissal order. At least some argument could therefore be made that Appellants' February 25, 2021 motion under Bankruptcy Rule 9023 was timely as to the collective Dismissal Orders. Ultimately, for the reasons discussed below, the timeliness of Appellants' first Rule 9023 motion filed on February 25, 2021 makes no difference because of their later tardiness that cuts off any further review.

Nevertheless, for purposes of establishing the relevant timeline, the Court will treat Appellants' Rule 9023 motion filed on February 25 as having extended the 14-day period to file an appeal from the Dismissal Orders while the motion was pending.[16] The 14-day time for appeal then began to run upon the entry of the Bankruptcy Court's March 26 Order disposing of the motion for reconsideration or to alter or amend. In other words, Appellants had 14 days from March 26, 2021, to appeal the Dismissal Orders, which they did not do, and the time for appeal expired without a proper notice of appeal having been timely filed.

Nor did Appellants' second Bankruptcy Rule 9023 motion, filed on April 22, 2021, extend the time to file an appeal because the motion was itself not timely filed after the March 26 Order. Although Fed. R. Civ. P. 59(e), when applied in federal district court litigation provides that a

---

[15] Even accounting for the additional three (3) days allowed by Bankruptcy Rule 9006(f) for mailing of the January 29 dismissal order to Appellants, the Rule 9023 motion should have been filed by February 15, 2021 and was therefore untimely.

[16] That Appellants' first Rule 9023 motion might have been untimely and therefore any further review of the Dismissal Orders is precluded simply bolsters the determination discussed below that the only issue properly before the Court is the appeal from the May 24 Order denying Appellants' May 17 Motion for relief from a judgment or order under Federal Rules of Civil Procedure 59(e) and 60(b), made applicable to adversary proceedings by Bankruptcy Rules 9023 and 9024.

8

motion to alter or amend a judgment brought pursuant to that rule may be filed within 28 days after entry of the judgment, that time is modified by Bankruptcy Rule 9023, which states in relevant part:

> Except as provided in this rule and Rule 3008, Rule 59 F. R. Civ. P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

Fed. R. Bankr. P. 9023. Appellants' second Bankruptcy Rule 9023 motion was therefore required to be filed within 14 days after the March 26 Order, or by April 8, 2021, which it was not. Rather. Appellants' second Bankruptcy Rule 9023 motion was filed on April 22, 2021, which was untimely.

Under Bankruptcy Rule 8002(b)(1) the time to file an appeal is extended only if the Rule 9023 motion (or other designated motion) is be filed "within the time allowed by these rules." Fed. R. Bankr. P. 8002(b)(1). Because Appellants' second Bankruptcy Rule 9023 motion was not filed within 14 days of the March 26 Order, the motion failed to extend the time for appeal from either of the Dismissal Orders and the appeal time expired without an appeal having been timely taken by Appellants.

A similar analysis holds true to the extent that Appellants seek for their appeal to act as an appeal of the March 26 Order that denied their initial Bankruptcy Rule 9023 motion for reconsideration. Appellants' second Bankruptcy Rule 9023 motion did not extend the time to file an appeal because the motion was not timely filed within 14 days of the March 26 Order. Nor was a timely appeal taken from the March 26 Order.

The fact that Appellants acted *pro se* during the bankruptcy proceedings, and continue to act *pro se,* does not relieve them from the consequences of untimely and/or missed filings under

9

the applicable procedural rules. Because the bankruptcy time limits serve the public's interest in the timeliness and finality of bankruptcy proceedings, the time limits cannot be ignored. *Owens v. Murray, Inc.*, 2007 WL 2156348 at *2 (M.D. Tenn. July 24, 2007). Although a person proceeding *pro se* may not fully understand the rules or procedures, that *pro se* litigant is still required to comply with the rules and their *pro se* status does not afford them an exemption from complying with the rules. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991); *Owens*, *supra.*

As a result, the only matter that is before the Court is an appeal from the May 24 Order denying Appellants' May 17 Motion for relief from a judgment or order under Federal Rules of Civil Procedure 59(e) and 60(b), made applicable to adversary proceedings by Bankruptcy Rules 9023 and 9024. *See In re Hakes*, 2016 WL 463315 at *3 (E.D. Mich. Feb. 8, 2016) (when a party failed to appeal the underlying bankruptcy order, but instead appealed the order denying reconsideration of that order, the only order before the district court in bankruptcy appeal was appeal from order denying reconsideration). The instant appeal cannot constitute a review of either the Dismissal Orders or the March 26 Order because an appeal from the denial of a Rule 60(b) motion does not permit review of the underlying judgment. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). Only the correctness of the decision on the appealed motion itself may be reviewed. *Id*. Appellants may not pursue an indirect appeal from the Dismissal Orders or from the March 26 Order via their appeal of the May 24 Order.

A bankruptcy court's denial of motions for relief under Bankruptcy Rules 9023 and 9024 is reviewed upon appeal for an abuse of discretion. *In re J & M Salupo Dev. Co.*, 388 B.R. 795 at 800 (Rule 59(e)); *In re Peace*, 581 B.R. at 858 (Rule 60(b)); *Doe v. Lexington-Fayette Urban County Gov't.*, 407 F.3d at 776 (Rule 60(b)). An abuse of discretion requires a determination that

10

Case 3:21-cv-00436  Document 142  Filed 07/28/22  Page 10 of 15 PageID #: 3206

the Bankruptcy Court relied upon clearly erroneous findings of fact, improperly applied the law, or used an erroneous legal standard. *United Mine Workers of Am. 1974 Plan and Trust v. Lexington Loan Co. (In re HNRC Dissolution Co.)*, 396 B.R. at 465.

For the reasons set out above, the Bankruptcy Court's finding that the second Bankruptcy Rule 9023 motion was not timely filed is a correct statement of the law and facts, and the Bankruptcy Court properly denied relief to Appellants from the April 28 Order. Appellants are simply wrong in their assertion that the time set out in Rule 59(e) for filing a motion to alter or amend a judgment is not modified by Bankruptcy Rule 9023. *See* Rule 81(a)(2) of the Federal Rules of Civil Procedure ("These rules apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure"). Bankruptcy Rule 9023 plainly and expressly states that a motion to alter or amend a judgment or for a new trial must be filed "no later than 14 days after entry of judgment." Fed. R. Civ. P. 9023. The Bankruptcy Court did not abuse its discretion in denying the request for relief under Bankruptcy Rule 9023 that was raised in the May 17 Motion.

Turning to Appellants' appeal of the Bankruptcy Court's denial of relief under Fed. R. Civ. P. 60(b), that rule, as made applicable to the adversary proceedings by Bankruptcy Rule 9024, provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

11

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. "The burden is on the movant[s] to bring [themselves] within the provisions of Rule 60(b)." *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003). The issue for consideration on appeal is not whether this Court would grant Rule 60(b) relief if presented with the question in the first instance, but whether Appellants have shown that they are entitled to relief because the Bankruptcy Court abused its discretion in denying Rule 60(b) relief.

The Court first finds that Appellants have not set out in their briefing any argument that addresses the issue of relief under Rule 60(b) and why the May 24 Order was in error as it concerns the denial of relief under Rule 60(b). As noted above, Appellants devote the entirety of their briefing to arguments directed at the merits of the Dismissal Orders, the correctness of the proceedings in the TRX Bankruptcy, and the merits of the claims raised in the adversary proceeding. Indeed, Rule 60(b) and its specific requirements are nowhere mentioned in Appellants' briefing. Issues that are not properly developed are waived on appeal. *McCalvin v. Yukins*, 444 F.3d 713, 723 (6th Cir.2006) ("It is well established that issues not raised by an appellant in its opening brief, or issues 'adverted to in a perfunctory manner [without] some effort at developed argumentation,' are deemed waived."); *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006). Appellants' failure to present arguments directed at the matter actually before the Court on appeal is a sufficient reason, in and of itself, to affirm the May 24 Order. *In re Murray Energy Holdings Co.*, 640 B.R. 558, 565-66 (B.A.P. 6th Cir. 2022) ("[Appellant"] did not

12

even address Rule 60 in either its appellant's brief or its reply brief. [Appellant] focused its entire argument on the reasons that the bankruptcy court erroneously entered the Administrative Expense Order and Claims Objection Order, neither of which were actually appealed to this Panel. This is insufficient on appeal to meet any standard or burden of proof as to the Reconsideration Order.").

Even if arguments directed at the May 24 Order were clearly made, however, there would be no basis upon which to find that the Bankruptcy Court abused its discretion in denying relief under Rule 60(b). A motion for relief under Rule 60(b) is not a substitute for an appeal. *In re Holley*, 661 Fed. App'x 391, 397 (6th Cir. 2016); *In re Peace*, 581 B.R. at 863. A party seeking relief under Rule 60(b) must show the existence of a basis for relief under one of the specified circumstances set out in the Rule. Appellants did not show a basis for Rule 60(b) relief merely by rearguing the merits of the adversary proceeding or by presenting to the Bankruptcy Court the same arguments that were raised in their first motion to alter or amend the Dismissal Orders. *In re Murray Energy Holdings Co.*, 640 B.R. at 566 ("A court does not abuse its discretion by denying a Rule 60(b) motion that simply rehashes previously raised arguments.").

In its May 24, 2021 order denying Rule 60(b) relief, the Bankruptcy Court found that "the plaintiffs have not established any facts that support relief under Rule 60(b)." *See* May 24 Order at 3. After reviewing the May 17 Motion, the Court finds nothing about the Bankruptcy Court's decision that is clearly erroneous as a factual matter or that is an improper or erroneous application of the law as it pertains to the request for Rule 60(b) relief. "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted). In the May 17 motion, Appellants failed to make a reasoned and factually supported

13

argument showing that they satisfied any of the six specified circumstances in Rule 60(b) that would entitle them to relief. Although Appellants briefly included some of the phrases used in Rules 60(b)(1) and (b)(2), they failed to actually set forth any arguments supporting relief under these provisions, let alone set forth clear and convincing evidence in support of relief.

The "voidness" argument raised by Appellants in their May 17 Motion is simply a rehashing of their prior argument that subject matter jurisdiction existed over the adversary proceeding, an argument that the Bankruptcy Court rejected in denying the first Rule 9023 motion. If Appellants wished to challenge that ruling, they should have filed a timely appeal from that Order instead of attempting to use a Rule 60(b) motion (or here, a series of motions under Rule 59 and 60) to re-litigate the issue. *In re SII Liquidation Co.*, 517 B.R. 72, 76 (B.A.P. 6th Cir. 2014). Furthermore, because federal courts ordinarily have the power to determine their own jurisdiction over an action, *Commodities Exp. Co. v. U.S. Customs Serv.*, 957 F.2d 223, 225 (6th Cir. 1992); *Cain P'ship, Ltd. v. Pioneer Inv. Servs., Co. (In re Pioneer Inv. Servs., Co.)*, 21 F.3d 428, 1994 WL 134683 at *3 (6th Cir. Apr. 14, 1994) (table decision) ("A court has jurisdiction to determine its own jurisdiction."), a court's judgment that it lacks subject matter jurisdiction is not "void". A bankruptcy court clearly has the jurisdiction to make an initial determination about whether an adversary proceeding is a proper related proceeding. Appellants' continued disagreement with the Bankruptcy Court's decision on the issue of whether it had jurisdiction to hear the adversary proceeding does not render the Dismissal Orders void, and does not support Rule 60(b)(4) relief.

In the end, the Court finds that no ground has been shown by Appellants that requires the reversal of the May 24 Order. The May 24 Order should be affirmed in all aspects and this appeal should be dismissed.

14

# RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that:

1) Appellees' joint motion to dismiss the appeal or to strike Appellants' brief (Docket Entry No. 133) be DENIED on the grounds stated; and,

2) the Order entered by the Bankruptcy Court on May 24, 2021, be AFFIRMED and this appeal be DISMISSED WITH PREJUDICE for the reasons stated herein.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                            Respectfully submitted,

                                            BARBARA D. HOLMES
                                            United States Magistrate Judge